967 F.2d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
PROPERTY TITLED IN THE NAMES OF Mario B. MANGLICMOT and
Milagros C. Manglicmot, Defendant-Appellants.
 No. 91-15361.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1992.*
Decided June 3, 1992.
 
 1
 Before FARRIS and RYMER, Circuit Judges, and KENYON, District Judge**
 
 
 2
 MEMORANDUM***
 
 
 3
 Claimants Mario B. Manglicmot and Milagros C. Manglicmot appeal the denial of their motion to set aside default judgment and decree of forfeiture. They argue that the district court erred in its finding that claimants failed to present any meritorious defense to the forfeiture action brought by the United States. We disagree and affirm.
 
 
 4
 The Manglicmots challenge the denial of their motion on three grounds. First, they argue that the district court erred in finding that Mrs. Manglicmot failed to allege sufficient facts to raise a meritorious defense of innocent ownership. Second, they claim that the district court abused its discretion by refusing to exercise judicial restraint to limit the extent of the forfeiture. Finally, they contend that the district court erred in finding that the doctrine of double jeopardy was not applicable to this forfeiture action.
 
 Innocent Owner Defense
 
 5
 Mrs. Manglicmot cannot claim an innocent owner defense based on lack of knowledge as she admitted that she knew that marijuana plants were growing on the property.
 
 
 6
 Additionally, Mrs. Manglicmot cannot claim an innocent owner defense based on lack of consent. Mrs. Manglicmot claimed that once she learned that her husband was growing marijuana plants in their backyard, she did not have enough time to exercise effective control over the plants prior to her husband's arrest. However, the district court correctly rejected this contention since Mrs. Manglicmot failed to present any evidence on this point.
 
 
 7
 Based on a careful review of the record before the district court, we find that the district court's conclusion that Mrs. Manglicmot failed to set forth sufficient evidence to raise a meritorious defense of innocent ownership was not clearly erroneous.
 
 Judicial Restraint
 
 8
 The Manglicmots, who bear the burden of proving that they have a meritorious defense, failed to produce any evidence of the value of the marijuana seized from their property. Because of this failure, the district court did not have sufficient evidence from which it could determine whether the respective values of the property seized and the marijuana diverged so substantially as to warrant the application of judicial restraint. Therefore, we find that the district court did not abuse its discretion by refusing to apply judicial restraint to set aside the default judgment and decree of forfeiture against the Manglicmots.
 
 Double Jeopardy
 
 9
 Double jeopardy has no application to forfeiture proceedings which are directed against property, not individuals. United States v. McCaslin, No. 91-30302 (9th Cir. March 13, 1992). Accordingly, the district court did not err in rejecting Mr. Manglicmot's claim on this basis.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable David V. Kenyon, District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to by the courts of this circuit except as provided by 9th Cir.R. 36-3